UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

EDGARDO RODRIGUEZ,

                                      Plaintiff,

           -against-

CITY OF NEW YORK, et al,

                                   Defendants.

------------------------------------------------------------------------ x

**DEFENDANTS'
LOCAL CIVIL RULE
56.1 STATEMENT OF
UNDISPUTED FACTS**

05 Civ. 10682 (PKC)

        Pursuant to Rule 56.1 of the Local Rules of this Court, defendants submit that the following facts are undisputed:

        1. Plaintiff Ruben Gonzalez was appointed to the New York City Police Department ("NYPD")on April 25, 1990 and promoted to Detective, Third Grade in 1993. He was terminated from the NYPD on April 5, 2005. (Second Amended Complaint ("Complaint"), Ex. B to the Declaration of Assistant Corporation Counsel Phyllis Calistro("Calistro Dec."[1]), p.5).

        2. Plaintiff was arrested following an investigation by members of the NYPD Internal Affairs Bureau ("IAB") on August 1, 2002. Plaintiff's arrest stemmed from a report from a person whom plaintiff had arrested on July 23, 2002, that his credit card had been used at several retail stores in Suffolk County while he was incarcerated. (Complaint, Ex. B, p.6).

        3. Plaintiff testified at deposition that the contents of this arrestee's wallet were removed from the wallet at plaintiff's desk. (Plaintiff's deposition, Ex. C, pp. 46- 47).

---

[1] All exhibits are annexed to the Calistro Dec.

4. Plaintiff's home was searched prior to his arrest, by defendants. (Complaint, Ex. B, p.8). At deposition, plaintiff testified that during the search of his home he was shown the search warrant and directed defendants to a telephone answering machine and part of an electric toothbrush which were referenced in the warrant. Plaintiff testified at deposition that his sneakers were also removed from his home pursuant to execution of the search warrant. Plaintiff testified at deposition that he told defendants during execution of the warrant that he was drinking alcohol heavily, was paying two mortgages and was under stress because his father had had a heart attack. ( Plaintiff's deposition, Ex. C, pp.46-55,58(line 19)- 60(line 24).

5. Plaintiff testified at deposition that shortly after the arrest and search of Sohan Seegobin, the owner of the credit card, that he brought home some files from his desk which was located at the 106 Precinct stationhouse, where Seegobin's arrest had been processed. (Ex. C, p. 49). He further testified that the following day, he and a man named Ricky Majeed whom he had been drinking vodka with at his home, got into his car which still contained the files he had brought home from his desk at the 106 Precinct(Ex. C, p. 49) and drove to a "Mobil" gas station where Ricky got out and purchased gasoline for plaintiff's car.(Ex. C, pp.50-53).

6. Plaintiff testified at deposition that he and Ricky also drove to a retail store named "Target" where Ricky entered and later came out with a bag of items. Plaintiff further testified at deposition that when they arrived back at his home, Ricky removed from the Target store bag a telephone answering machine which was then installed in plaintiff's home (Ex. C, p. 54), and which was one of the items taken by the defendants pursuant to their execution of the search warrant. Ex. C, pp. 58-59).

7. Plaintiff testified at deposition that defendant Lieutenant Andrew Smith identified him as the person shown on a surveillance tape made at a Sears Department store

where an attempt was made to use the Seegobin credit card, and that he and Smith had worked together at one time. ( Ex. C, p. 109).

8. Plaintiff testified at deposition that Ricky appears on both the Target and Sears store surveillance videotapes. Ex. C, pp. 130 (line 20)-131 (line 14).

9. On February 27, 2003 plaintiff was arrested by the Suffolk County Police Department in connection with use of this credit card. (Complaint, Ex. B, p.9).

10. Plaintiff was indicted by a Grand Jury in Queens County for Grand Larceny fourth degree, and Official Misconduct in connection with the Seegobin credit card. (Queens Indictment, Ex. D).

11. Plaintiff was indicted by a Grand Jury in Suffolk County for Forgery, Possession of Stolen Property, and Petit Larceny in connection with use of this credit card at a Mobil gas station, Target store, and Sears store. (Suffolk Indictment, Ex. E).

12. All of the individual defendants were employed by the NYPD during the relevant time period. (Complaint, Ex. B, pp.3-4).

13. On January 30, 2004 plaintiff failed to answer questions during an Official Department interview which was related to the performance of his official duties. On February 5, 2004 plaintiff failed to appear for this Official Interview. Plaintiff was served with disciplinary charges as a result and was found guilty of same after an administrative trial. Failure to answer questions at an Official Department interview is a violation of the NYPD Patrol Guide and the penalty of dismissal from the NYPD has consistently been imposed for this violation. (See decision and recommendation of the NYPD Deputy Commissioner of Trials ("DCT", Ex. E, pp.2, 18).

14. Plaintiff had been clearly informed at his Official Interview that his refusal to answer questions would subject him to dismissal from the NYPD. (Ex. E, p. 18). Plaintiff was terminated by the Police Commissioner for these offenses pursuant to the DCT decision and recommendation on April 4, 2005 ( See Final Order of Dismissal, Ex. F p. 1).

Dated:      New York, New York
            January 18, 2008

>                                    MICHAEL A. CARDOZO
>                                    Corporation Counsel of the
>                                      City of New York
>                                    Attorney for Defendants
>                                    100 Church Street, Room 2-112
>                                    New York, New York 10007
>                                    (212) 788-8682
>
> By:    _____
>                                    Phyllis Calistro (PC 5527)
>                                    pcalistr@law.nyc.gov
>                                    Senior Assistant Corporation Counsel