```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-6-09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
EDGARDO RODRIGUEZ,

                        Plaintiff,

        -against-

RAYMOND KELLY, ANTHONY
PIGNATARO, GEORGE O'BRIEN, DOLORES
WEINER, GEMMA MASTERSON, and
ANDREW SMITH,

                        Defendants.
-----------------------------------------------------------x

05 Civ. 10682 (PKC)

MEMORANDUM
AND ORDER

P. KEVIN CASTEL, U.S.D.J.:

        The plaintiff, a former detective with the New York City Police Department ("NYPD"), was arrested and terminated for the possession and use of an allegedly stolen credit card. He was indicted by grand juries in Queens County and Suffolk County, and ultimately acquitted of all criminal charges. He commenced this litigation in 2005. The complaint included claims under 42 U.S.C. §§ 1983 and 1985 against individuals and entities associated with the NYPD, under the theory that plaintiff's arrest, prosecution and termination violated his Constitutional rights. On September 25, 2008, I issued a Memorandum and Order that granted summary judgment to the defendants on all but one remaining claim. See Rodriguez v. City of New York, 2008 WL 4410089 (S.D.N.Y. Sept. 25, 2008).

        Defendants now move for summary judgment seeking dismissal of that claim, which alleges that the plaintiff was unlawfully terminated in violation of the Fifth Amendment to the U.S. Constitution and 42 U.S.C. § 1983. For the reasons explained

below, the defendants' motion is granted.

BACKGROUND

Plaintiff Edgardo Rodriguez was appointed to the NYPD on April 25, 1990 and promoted to detective, third-grade, in 1993. (56.1 ¶ 1.) On August 1, 2002, he was arrested after an investigation by members of the NYPD Internal Affairs Bureau into the use of a credit card belonging to an individual arrested on July 23, 2002. (56.1 ¶ 2.) Plaintiff was later indicted in Queens and Suffolk counties in connection with use of the credit card, and ultimately was acquitted of the charges. (56.1 ¶ 3.)

On January 30, 2004, while he was still employed by the NYPD, plaintiff was questioned as part of a department investigation into the credit card's theft and use. (Jan. 30, 2004 Tr. at 2-5.) Accompanying the plaintiff was James Michella, an attorney who worked for the Detectives Endowment Association, a union of which plaintiff was a member. (Jan. 30, 2004 Tr. at 2.) The plaintiff confirmed his satisfaction with Michella's representation. (Jan. 30, 2004 Tr. at 3.) At the start of the interview, plaintiff was informed by his questioner, Lt. Michael F. Dailey, that he would "be asked questions specifically directed and narrowly related to the performance of your duties." (Jan. 30, 2004 Tr. at 5.) Dailey informed plaintiff that he was entitled to exercise his rights under the constitutions of the State of New York and the United States. (Jan. 30, 2004 Tr. at 5.) When Dailey began to question the plaintiff, the plaintiff responded with repeated requests to adjourn the interview so that his criminal attorney could represent him instead of Michella. (Pl. 56.1 Resp. ¶ 4.) His adjournment requests were denied. (Pl. 56.1 Resp. ¶ 4; Jan. 30, 2004 Tr. at 7-13, 17-21.)

Eventually, after plaintiff made numerous requests to adjourn the interview for reasons related to his preference of counsel, Lieutenant Dailey stated: "If you do answer, neither your statements nor any information or evidence which is gained by reason of such statements, can be used against you in any subsequent criminal proceeding. However, these statements may be used against you in relation to subsequent Department charges." (Jan. 30, 2004 Tr. at 21.) Shortly thereafter, Lieutenant Dailey stated that he had "no choice but to deem your request for an adjournment a refusal," suspended plaintiff from duty, and concluded the interview. (Jan. 30, 2004 Tr. at 22-23.) The NYPD terminated the plaintiff's employment on April 4, 2005. (56.1 ¶ 6.)

As part of his section 1983 claim, the plaintiff asserts that his Fifth Amendment rights were violated. (2nd Amended Compl. ¶ 57 (stating that the plaintiff was "unlawfully terminated for exercising his Fifth Amendment rights . . . .").) In my Memorandum and Order of September 25, 2008, I noted that the defendants' summary judgment motion did not raise any arguments directed toward the Fifth Amendment claim. 2008 WL 4410089, at *15. I also noted that the plaintiff "endeavored to recast the claim" as implicating "denial of equal protection and due process in connection with his termination raising issues of race, health, and mental illness" even though no such issues were raised in his complaint. Id. at *15 n.6. On October 29, 2008, I waived the Court's pre-motion conference requirement for a motion under Rule 12(c) and/or Rule 56, Fed. R. Civ. P., for the dismissal of this remaining claim. (Docket # 86.)

## SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. It is the initial burden of a movant on a summary judgment motion to come forward with evidence on each material element of his claim or defense, demonstrating that he or she is entitled to relief. A fact is material if it "might affect the outcome of the suit under the governing law . . . ." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The evidence on each material element must be sufficient to entitle the movant to relief in its favor as a matter of law. Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).

When the moving party has met this initial burden and has asserted facts to demonstrate that the non-moving party's claim cannot be sustained, the opposing party must "set out specific facts showing a genuine issue for trial," and cannot rest "merely on allegations or denials" of the facts asserted by the movant. Rule 56(e)(2), Fed. R. Civ. P. In raising a triable issue of fact, the non-movant carries only "a limited burden of production," but nevertheless "must 'demonstrate more than some metaphysical doubt as to the material facts,' and come forward with 'specific facts showing that there is a genuine issue for trial.'" Powell v. Nat'l Bd. of Med. Examiners, 364 F.3d 79, 84 (2d Cir. 2004) (quoting Aslanidis v. U.S. Lines, Inc., 7 F.3d 1067, 1072 (2d Cir. 1993)).

An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. The Court must "view the evidence in the light most favorable to the non-moving party and draw all

reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." Allen v. Coughlin, 64 F.3d 77, 79 (2d Cir. 1995) (internal quotations and citations omitted); accord Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). In reviewing a motion for summary judgment, the court must scrutinize the record, and grant or deny summary judgment as the record warrants. Rule 56(c), Fed. R. Civ. P. If no material fact is disputed, summary judgment is appropriate. Id.

Mere "conclusory statements, conjecture, or speculation by the party resisting the motion will not defeat summary judgment." Kulak v. City of New York, 88 F.3d 63, 71 (2d Cir. 1996) (citing Matsushita, 475 U.S. at 587); see also Anderson, 477 U.S. at 249-50 (noting that summary judgment may be granted if the evidence is "merely colorable" or "not significantly probative") (citations omitted). An opposing party's facts "must be material and of a substantial nature, not fanciful, frivolous, gauzy, spurious, irrelevant, gossamer inferences, conjectural, speculative, nor merely suspicions." Contemporary Mission, Inc. v. United States Postal Service, 648 F.2d 97, 107 n.14 (2d Cir. 1981) (quotation marks omitted).

DISCUSSION

The Fifth Amendment to the U.S. Constitution states in relevant part that "[n]o person . . . shall be compelled in any criminal case to be a witness against himself . . . ." In order to bring a successful section 1983 claim based on the privilege against self-incrimination, a plaintiff must establish a violation of the underlying privilege. See Chavez v. Martinez, 538 U.S. 760, 772-73 (2003.) The privilege is not limited to

compelled testimony in criminal cases, and may be asserted "in proceedings in which answers might be used to incriminate [witnesses] in a subsequent criminal case." United States v. Patane, 542 U.S. 630, 638 (2004). However, even when an individual has legitimate reasons to fear that statements may be used against him or her, the Supreme Court has "long permitted the compulsion of incriminating testimony so long as those statements (or evidence derived from those statements) cannot be used against the speaker in any criminal case." Chavez, 538 U.S. at 768. A successful section 1983 claim may arise when a plaintiff is coerced into waiving Fifth Amendment rights, and utters self-incriminating or inculpatory statements later used against him in a criminal proceeding. See Deshawn E. by Charlotte E. v. Safir, 156 F.3d 340, 346 (2d Cir. 1998).

The plaintiff has set forth neither facts nor legal authority to support a claim that his Fifth Amendment rights were violated. The plaintiff explicitly denies that he refused to answer any questions that Dailey posed. (Pl. 56.1 Resp. ¶¶ 4-5.) He does not contend that any statements uttered by him during the interview were used against him at a criminal proceeding. Nowhere in plaintiff's affidavit, opposition memo or Local Rule 56.1 response does the plaintiff maintain that he exercised his Fifth Amendment privilege against self-incrimination, and the interview transcript does not reflect any assertion of Fifth Amendment protections. Moreover, while allegations in a pleading are not evidence for summary judgment purposes, Rule 56(e)(2), I note that the Second Amended Complaint includes only a conclusory allegation stating that "[a]s a result of Plaintiff's exercise of his Fifth Amendment rights regarding questions posed to him at said hearing, Plaintiff was suspended without pay and ultimately terminated from employment solely upon that basis." (2nd Amended Compl. ¶ 40.)

Instead of raising "specific facts showing that there is a genuine issue for trial," Powell, 364 F.3d at 84, the plaintiff bases his opposition to this motion on matters unrelated to the Fifth Amendment. He asserts that a reasonable trier of fact could conclude that the defendants violated his equal protection and due process rights guaranteed by the Fourteenth Amendment. In my Memorandum and Order of September 25, 2008, I noted that the plaintiff "endeavored to recast the [Fifth Amendment] claim – without seeking leave to replead – as a claim for denial of equal protection and due process . . . . He has also attempted to revive the withdrawn retaliation claim. Any attempt to expand the claim after the close of discovery should have been raised in a motion to amend." 2008 WL 4410089, at *15 n.6. Nothing has changed since September 25. Plaintiff's belief that he was denied equal protection and due process rights does not raise a triable issue of fact pertaining to the privilege against self-incrimination.

It appears to be the plaintiff's contention that his Fifth Amendment rights were implicated because he was represented in the interview by James Moschella, a union attorney, rather than by his criminal attorney, Davanand Singh. His preferred counsel is not material to his claimed violation of the privilege against self-incrimination. In any event, plaintiff's opposition papers articulate no cognizable theory for relief based on his choice of counsel, and no such claim has been pleaded.

Lastly, the plaintiff maintains that this motion amounts to an untimely motion for reconsideration under Local Rule 6.3. This argument lacks merit, since the Memorandum and Order of September 25, 2008 specifically observed that defendants did not move for summary judgment on plaintiff's Fifth Amendment claim. 2008 WL

4410089, at *15. An issue cannot be *re*considered if it was not raised in a prior motion or never was considered by the Court. In any event, it is within a court's discretion to decide whether to entertain a motion to reconsider. See Ferguson v. Lion Holding, Inc., 2007 WL 2265579, at *3 (S.D.N.Y. Aug. 6, 2007).

The defendants have established that they are entitled to judgment as a matter of law on the plaintiff's Fifth Amendment claim, and the plaintiff has failed to come forward with evidence from which a reasonable jury could find in his favor on the claim. The defendants' motion is granted, and the plaintiff's claim is dismissed.

CONCLUSION

The defendants' motion for summary judgment is granted. All other claims having been disposed of in the Memorandum and Order of September 25, the Clerk is directed to enter judgment in favor of the defendants.

SO ORDERED.

P. Kevin Castel
United States District Judge

New York, New York
April 6, 2009